MEMORANDUM **
Carlos Fabricio Alvarez-Leal, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an Immigration Judge’s denial of his application for cancellation of removal. The petition raises a single claim that the constitutional rights of Alvarez-Leal’s citizen daughter were violated because she did not receive notice, an opportunity to be heard, and representation by counsel.
We may exercise jurisdiction to review Alvarez-Leal’s third-party due process claim under 8 U.S.C. § 1252(a)(2)(D) only to the extent that it alleges a “colorable constitutional violation.” Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005); see also Mendez-Casitro v. Mukasey, 552 F.3d 975, 978 (9th Cir. 2009). Because we find that it does not, we dismiss the petition.
Even if Alvarez-Leal’s then-two-year-old daughter had a right to the procedural safeguards in question, Alvarez-Leal fails to make the requisite showing of prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th *631 Cir. 2000) (explaining that a valid due process claim in the removal context requires a showing of both “error and substantial prejudice”). Alvarez-Leal was given the opportunity to call witnesses to testify but declined to do so, and he effectively represented the interests of his two year-old child by testifying to the hardships she would face if he were removed. Alvarez-Leal fails to explain what new information his daughter, who was able to speak only a few words of either English or Spanish, could have injected into the hearing.
Because Alvarez-Leal has not shown that the outcome of the proceedings would have been any different with the asserted procedural safeguards in place, his third-party due process claim is not colorable and we lack jurisdiction to entertain it. See Ibarra-Flores v. Gonzales, 439 F.3d 614, 620-21 (9th Cir. 2006) (explaining that a decision by the BIA will be reversed on due process grounds only if the petitioner shows “that the outcome of the proceeding may have been affected by the alleged violation” (quoting Platero-Cortez v. INS, 804 F.2d 1127, 1132 (9th Cir. 1986))).
PETITION DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.